■ In the Matter of the Claim of MARGARET INFORTUNIO, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 29, 1986, which ruled that claimant was ineligible to receive benefits because she failed to file a valid original claim.

Claimant had been employed part time, working three hours a day three times a week, for approximately five years. Upon being discharged, the circumstances of which are not relevant here, claimant filed for benefits effective September 30, 1985, thus establishing a base period of October 1, 1984 through September 29, 1985, upon which her eligibility for benefits was to be calculated.

During that period she worked 51 weeks and was paid a total of $3,578.44; on only two occasions did she earn more

than $80 per week. Her employer, as required, contributed to the Unemployment Insurance Benefit Fund. From November 1, 1984 to March 23, 1985, claimant also earned $7 per week running errands for an elderly neighbor. Since the neighbor, who was not shown to have furnished or been obligated to furnish unemployment insurance coverage, did not pay claimant $300 or more in any calendar quarter during claimant's base period, the Commissioner of Labor quite properly found that these services did not constitute covered employment (Labor Law § 560 [1]) and hence did not bear on her eligibility to receive benefits. Following a hearing, an Administrative Law Judge determined that claimant did not qualify for benefits because she lacked sufficient coverage in her base period to enable her to file a "valid original claim".

Labor Law §§ 527, 560 and 590 set forth the basic qualifications of a "valid original claim". In pertinent part they contemplate a showing by a claimant of covered employment in which the claimant: "(d) has had at least twenty weeks of employment in the fifty-two week period preceding the filing of such claim; (e) has earned remuneration averaging at least the minimum average weekly wage provided for in subdivision five of section five hundred ninety of this chapter in at least twenty weeks of employment in such fifty-two week period" (Labor Law § 527 [1]). A valid original claim may also be filed by one who has had: "at least fifteen but less than twenty weeks of employment in the fifty-two week period preceding the filing of such claim in which he earned remuneration averaging at least the minimum average weekly wage provided for in subdivision five of section five hundred ninety of this chapter; had at least forty weeks of employment in the period of one hundred four consecutive weeks preceding the filing of such claim; and earned remuneration averaging at least the minimum weekly wage provided for in subdivision five or section five hundred ninety of this chapter in at least forty weeks of employment in such period of one hundred and four weeks" (Labor Law § 527 [2]). Labor Law § 590 provides that the "minimum average weekly wage necessary to be entitled to [unemployment] benefits shall be eighty dollars" (Labor Law § 590 [5]).

The foregoing makes it clear that under any formulation of the term "valid original claim", claimant never established her entitlement to benefits because, except for two weeks, her earnings were less than $80 per week from her covered employment.

Decision affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.